**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUGUES DURAND,

    Plaintiff,

    v.

US BANK NATIONAL ASSOCIATION, et al.,

    Defendants.

                                                /

No. C 09-00108 JSW

**ORDER GRANTING MOTION TO DISMISS**

**INTRODUCTION**

Now before the Court for consideration is the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant U.S. Bank National Association N.D. ("U.S. Bank"). Defendants Nations Title Agency, Inc., Nations Title Agency, Inc., d/b/a Nations Lending Services, Lisa Carr and Sandee Greenlee (the "Nations Title defendants") join in that motion. (*See* Docket No. 27.) This matter came before the Court for a hearing on June 12, 2009. Plaintiff did not appear on that date, but the Court heard argument from Defendants.[1] Having considered the parties' papers, relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court HEREBY GRANTS the motion to dismiss.

//

//

---

[1] The Court issued an Order to Show Cause to Plaintiff why the matter should not be dismissed for failure to prosecute. Upon receipt of Plaintiff's response, the Court discharged the Order and advised the parties that a ruling on the motion to dismiss would issue in due course.

**BACKGROUND**

On December 1, 2008, Plaintiff filed his Complaint in the Superior Court of California for the City and County of San Francisco. In his Complaint, Plaintiff alleges that, in 2000, he and his wife, now ex-wife, Elise Latedjou-Durand, bought property located at 351 Ralston Street, San Francisco (the "Property"). (Compl. ¶¶ 12-13.)

In 2002, Plaintiff filed a petition for divorce. (*Id.* ¶ 14.) In 2004, "through email discussions and oral agreement, the couple agreed that Mrs. Latedjou-Durand will keep the communal property and buy plaintiff out immediately by refinancing or by signing a promissory note or non-waiver agreement that would formally protect plaintiff [*sic*] undivided ½ interest." (*Id.* ¶ 15.) Plaintiff alleges that he "initiated a quitclaim deed to move the process forward." (*Id.* ¶ 16.) According to the record, Plaintiff executed the quitclaim deed in November 2004, and it was recorded on December 15, 2004. (U.S. Bank's Request for Judicial Notice ("RJN"), ¶¶ 1, 2 & Exs. 1, 2.)[2] Plaintiff alleges that he began to draft a promissory note, but Mrs. Latedjou-Durand's attorney suggested that she and Plaintiff enter into a non-waiver agreement instead. (Compl. ¶ 16.) Plaintiff further alleges that "Defendants" asked Plaintiff to sign a confirmation of conveyance, but that Plaintiff asked them to wait until all issues related to the division of the Property were resolved.

"However, in a rush to close the loan deal, without Mrs. Latedjou-Durand signing the non-waiver agreement drafted by her own attorney to protect Plaintiff's interest, Defendants proceeded to refinance the [Property] ... despite Plaintiff's opposition and refusal to sign a confirmation of conveyance," and did so in Mrs. Latedjou-Durand's sole name. (*Id.*)

---

[2] In ruling on a motion to dismiss, a court generally cannot consider material outside of the complaint (*e.g.* facts presented in the briefs, affidavits, or discovery materials). *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). However, a court may consider documents that are not physically attached to the complaint, but "whose contents are alleged in [the] complaint and whose authenticity no party questions." *Branch*, 14 F.3d at 454. Similarly, on a motion to dismiss, "a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). *Id.* U.S. Bank's request for judicial notice is GRANTED.

1  According to the record, the refinancing occurred in May 2006, and U.S. Bank recorded a deed
2  of trust on the Property on November 8, 2006. (RJN, ¶ 3, Ex. 3.)
3       Based on this conduct, Plaintiff asserts the following claims for relief against the
4  Defendants: (1) Intentional Interference with Contract; (2) Negligent Interference with
5  Contract; (3) Interference with Prospective Economic Advantage; and (4) Aiding Breach of
6  Fiduciary Duty.

## ANALYSIS

### A. Applicable Legal Standards.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). In this case, Plaintiff is proceeding pro se and the Court construes his pleadings liberally. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

### B. The Motion to Dismiss is Granted.

The Defendants move to dismiss each of the claims on the basis that they are barred by the applicable statute of limitations and, in the alternative, on the basis that Plaintiff fails to allege facts sufficient to state a claim. Plaintiff complains that the Defendants interfered in the alleged contract with his ex-wife by rushing to close a refinancing deal before Plaintiff's interest in the Property was protected. However, Plaintiff himself signed a quitclaim deed

1 relinquishing all interest in the Property before he formally protected those interests, which
2 undermines the plausibility of Plaintiff's claims that it is Defendants who caused him damage.
3 *See, e.g., Ashcroft v. Iqbal*, 556 U.S. __, 2009 WL 1361536 at *12 (May 18, 2009) (citing
4 *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual
5 content that allows the court to draw the reasonable inference that the defendant is liable for the
6 misconduct alleged."). On this basis, Plaintiff has not alleged facts sufficient to support any of
7 his claims against the Defendants.

8 In addition, Plaintiff's claim for negligent interference with contract, requires that
9 Plaintiff establish that Defendants owed him a duty. *See, e.g., J'Aire v. Gregory*, 24 Cal. 3d
10 799, 804-05 (1979) (citing *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958)). Plaintiff has not
11 alleged any facts to establish that Defendants owed him such a duty or that the Plaintiff and
12 Defendants had a special relationship. Given Plaintiff's allegations that he signed the quitclaim
13 deed before he protected his own interests, the Court concludes that there are no facts that
14 Plaintiff could alleged that would establish Defendants owed him any such duty of care. *See,*
15 *e.g., Biakanja*, 49 Cal. 2d at 650 (noting that factor to consider in evaluating whether a duty is
16 owed is closeness of the connection between the defendant's conduct and the injury alleged).

17 In addition, in order to state a claim for intentional interference with economic
18 advantage, Plaintiff must establish, *inter alia*, that Defendants engaged in conduct that was
19 wrongful by some legal measure other than the interference itself. *See Della Penna v. Toyota*
20 *Motor Sales, U.S.A.*, 11 Cal. 4th 376, 389, 392-93 (1995). Plaintiff premises his claim on the
21 fact that the refinancing was the act of interference. Plaintiff has not alleged that Defendants
22 engaged in any independently wrongful conduct. Accordingly, the allegations are insufficient
23 to state a claim for intentional interference with prospective economic relations.

24 Finally, Plaintiff alleges that Defendants aided and abetted Mrs. Latedjou-Durand's
25 breach of fiduciary duty to Plaintiff. "Liability may ... be imposed on one who aids and abets
26 the commission of an intentional tort if the person (a) knows the other's conduct constitutes a
27 breach of duty and gives substantial assistance or encouragement to the other to so act or (b)
28 gives substantial assistance to the other in accomplishing a tortious result and the person's own

4

conduct, separately considered, constitutes a breach of duty to the third person." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 846 (1994). Once again, Plaintiff alleges no more than that the Defendants refinanced the Property after Plaintiff executed a quitclaim deed.[3] These allegations are insufficient to state a claim.

The Court also finds that, in light of Plaintiff's decision to execute the quitclaim deed before his interests were fully protected, leave to amend his claims would be futile. Accordingly, the motion to dismiss is GRANTED and all claims are HEREBY DISMISSED WITH PREJUDICE. A separate judgment shall issue, and the Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: July 1, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[3] The Court also notes that Plaintiff alleges that he executed the quitclaim deed, in part so that Mrs. Latedjou-Durand could refinance the Property. (Compl. ¶¶ 15-16.)

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HUGUES DURAND,

        Plaintiff,

  v.

US BANK NATIONAL ASSOCIATION et al,

        Defendant.

Case Number: CV09-00108 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 1, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hugues Durand
152 Lombard
#204
San Francisco, CA 94111

Dated: July 1, 2009

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk